**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **HOWARD BLAND, JR. and DAVID RUPP,** *on behalf of themselves and all others similarly situated*, | ) ) ) ) |
|  | ) **2:12-cv-01407** |
| **Plaintiffs,** | ) ) |
| **vs.** | ) ) |
| **CALFRAC WELL SERVICES CORP. and CALFRAC WELL SERVICES LTD.,** | ) ) ) |
| **Defendants.** | ) ) ) |

<u>**MEMORANDUM OPINION AND ORDER OF COURT**</u>

Pending before the Court are PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM TO COMPEL PRODUCTION OF CLASS MEMBERS' E-MAIL ADDRESSES AND APPROVE E-MAIL DISSEMINATION OF NOTICE PURSUANT TO 29 § U.S.C. 216(b) (ECF No. 36) and a JOINT MOTION FOR APPROVAL OF CONDITIONAL CERTIFICATION NOTICE PURSUANT TO 29 U.S.C. § 216(b) (ECF No. 39). Defendants Calfrac Well Services Corp. and Calfrac Well Services Ltd. (collectively, "Calfrac" or "Defendants") filed a brief in opposition to the motion to compel (ECF No. 40); Plaintiffs submitted a reply brief (ECF No. 42). The issues have been fully brief and well-presented to the Court. Accordingly, the motions are ripe for disposition.

## I. Background

Plaintiffs initiated this action on September 27, 2012, on behalf of themselves and all others similarly situated, in which they allege that Calfrac violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.101, *et seq.*, by failing to adequately compensate the putative collective action members for work exceeding

forty hours per week. Plaintiffs filed an Amended Complaint on May 21, 2013 in which they add a Count to allege violations of various Colorado wage and hour statutes and regulations. Defendants filed their Answer on June 4, 2013 in which they raise numerous affirmative defenses, as well as the Federal Motor Carrier Exemption and its state equivalents.

On June 14, 2013, the parties stipulated to conditional certification and to the definition of the putative class of current and former employees for purposes of the FLSA collective action: "All field operators and supervisors, including fracturing, cement and coil operators and supervisors, who during the past three years were paid overtime for hours work over 40 at the rate of one half (½) their regular rate as calculated by Calfrac." ECF No. 31 at 1. The parties now jointly seek approval of their proposed Notice, but they disagree on the method of its dissemination. The Court will address these issues seriatim.

## II. Discussion

### A. Form of the Proposed Notice

The parties agree on the form of the proposed Notice in its entirety, but they highlight a few specific provisions for which they seek approval: (1) to the language in the Notice stating that the putative opt-ins may request to receive the consent form via electronic mail ("e-mail") and return it with an electronic signature through Adobe's EchoSign software program; (2) that Plaintiffs will provide Calfrac with a list of any putative opt-ins whose Notices are returned as undeliverable and that Calfrac will provide the last four digits of their social security number (conditional on the parties entering into a protective order) so that they may run a skip trace; and (3) that Plaintiffs (or a third-party administrator) will datestamp the consent form when received and provide Calfrac with a weekly updated list of opt-ins. The parties further request that the Court enter an order stating that the operative date for purposes of the statute of limitations is the date of receipt, rather than the final day of the opt-in period.

After careful review, the Court will approve the Proposed Notice in its entirety. The Court

finds that the Proposed Notice properly sets forth its purpose; the proposed class composition; the nature of the lawsuit filed and the relief being sought; the prohibition against retaliation; the voluntary nature of the decision to join the lawsuit; the right to decline participation in the lawsuit; the legal effect of joining the lawsuit; and the relevant contact information for any inquiries. The Court similarly concludes that all of the specific provisions highlighted by Counsel and outlined above are reasonable such that they will be approved. Accordingly, the joint motion for approval of conditional certification Notice will be granted.

### B. Method of Notice

As a threshold matter, all parties agree that First-Class mail is an appropriate method to provide putative opt-in plaintiffs with notice of this action and their right to opt-in. The parties do not, however, agree on whether Calfrac should provide e-mail addresses in order to facilitate dissemination of the Notice by electronic means in addition to the agreed-upon method. Notably, Plaintiffs only seek those e-mail addresses already maintained by Calfrac in a readily accessible format.

Plaintiffs submit that dissemination by e-mail is well-suited in this action because "there is record evidence that members of the putative collective may be difficult to contact due to the fact that they may spend extended periods of time in the field or reside in a 'man camp' away from home." ECF No. 36 at 2. In support, Plaintiffs cite the testimony of Calfrac's Rule 30(b)(6) designee for the proposition that the putative collective action members may spend up to six weeks in the field at a particular well site in remote locations. Thus, as Plaintiffs reason, Notice by First-Class mail alone may be inadequate to timely reach the putative members.

Calfrac opposes that request and counters that Notice by First-Class mail alone is sufficient because their fracturing, coil, and cement operators and supervisors have regular access to their mail at home. Citing their Payroll and Benefits Supervisor, Calfrac contends that many employees generally return home at the end of their daily shift while others are only away from home for two-

week periods of time, that Calfrac neither provides work e-mail addresses to their workforce nor communicates with them via e-mail, and that Calfrac has made efforts only within the last ten months to collect personal e-mail addresses from its operators and has a limited number of e-mail addresses for putative members. Calfrac also cites to numerous decisions, including this Court's Opinion in *Vargas v. Gen. Nutrition Centers, Inc.*, 2:10-CV-867, 2012 WL 5336166 (W.D. Pa. Oct. 26, 2012), to support its position that First-Class mail is the preferred method of Notice and alternative means should not be used unless unique facts demonstrate such means to be necessary. According to Calfrac, the facts of this matter do not justify deviating from the norm.

Plaintiffs claim that Calfrac "misstates the test" for e-mail Notice, disputing that they must make a showing of necessity rather than sufficiency to justify the complementary method of dissemination. To the Plaintiffs, the itinerant nature of the putative opt-ins' job duties meets that requirement. Plaintiffs additionally distinguish those decisions cited by Calfrac by highlighting that none involved transient workers and similarly rely on *Vargas* to bolster its position that they have met their required showing: a demonstration that Notice via First-Class mail would prove insufficient or inadequate. From Plaintiffs' perspective, Calfrac is also factually wrong regarding the length of time an employee may remain away from home—*i.e.*, six or seven weeks at a time rather than two-week intervals. Therefore, Plaintiffs contend there is a credible threat that a putative member would not receive the Notice during the sixty-day opt-in period if First-Class mail remains the only option.

District courts have discretion in the implementation of Notice to putative opt-in plaintiffs and it is the Court's "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989). Certain basic principles, however, guide the exercise of this discretion. The United States Supreme Court "has admonished that district courts 'must be scrupulous to respect judicial neutrality.'" *Id.* at 174. To that end, the Supreme

Court further cautioned that district courts "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*

Bearing these standards in mind, the Court will permit dissemination of the Notice by e-mail given the particular circumstances of the putative collective action members. Unlike in *Vargas*, there is record evidence of an appreciable risk that some putative opt-in plaintiffs would not timely receive the Notice and/or that contacting those individuals who would benefit the most from a duplicative form of Notice may prove to be problematic. For example, the itinerant nature of this work and the remote locations of the "man camps," hotels, and worksites may have the effect of severely delaying or unnecessarily jeopardizing their receipt of the opt-in Notice and thus their ability to meaningfully weigh their decision on whether to join this collective action. The proposed opt-in Notice already provides an outlet for the putative collective action members to request and sign the opt-in via e-mail after they receive a paper form, and the benefits of initially disseminating the Notice by the same method outweigh any perceived harm.

Similarly, compelling Defendants to produce the readily accessible e-mail addresses already in their possession, custody, or control would not be overly burdensome. Plaintiffs have delineated a selective group of e-mail addresses which are "readily accessible:" those collected and maintained in a database, excel spreadsheets, or other electronic format and any paper or hard-copy lists, collections, or compilations of e-mail addresses that the company may possess from meetings where employees may have provided their e-mail addresses on a sign-in sheet. The Court finds that the defined group is not unreasonable, but stresses that Calfrac must only produce those e-mail addresses that are *readily* accessible.[1] Accordingly, the Court will grant the motion to compel and approve the use of e-mail for dissemination of the Notice in addition to First-Class mail.

---

1. Certainly, Calfrac need not search the annals of theirs files to uncover an outlier sign-in sheet not otherwise readily available electronically. The Court is confident that Counsel will amicably work together should any issue arise regarding the scope of the search and the production of the e-mail addresses.

## **Conclusion**

For the reasons hereinabove set forth, the Court will grant both pending motions.  The form of the proposed Notice will be approved in its entirety and Calfrac will be compelled to produce those putative class members' e-mail addresses that are readily accessible for dissemination of the Notice by e-mail in addition to First-Class Mail.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **HOWARD BLAND, JR. and DAVID RUPP,** *on behalf of themselves and all others similarly situated*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **2:12-cv-01407** |
| **Plaintiffs,** | | |
| **vs.** | | |
| **CALFRAC WELL SERVICES CORP. and CALFRAC WELL SERVICES LTD.,** | | |
| **Defendants.** | | |

## ORDER OF COURT

AND NOW, this 12th day of August 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

(1) PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM TO COMPEL PRODUCTION OF CLASS MEMBERS' E-MAIL ADDRESSES AND APPROVE E-MAIL DISSEMINATION OF NOTICE PURSUANT TO 29 § U.S.C. 216(b) (ECF No. 36) is **GRANTED**.

(2) Defendants shall forthwith supply to Plaintiffs those readily accessible e-mail addresses already in their possession, custody, or control for each putative collective action member.

(3) Counsel for Plaintiffs may use the e-mail addresses provided by Defendants to disseminate Notice to the putative collective action members, which will have the same force and effect as if the Notice were provided by United States mail.

**IT IS FURTHER ORDERED** that the JOINT MOTION FOR APPROVAL OF CONDITIONAL CERTIFICATION NOTICE PURSUANT TO 29 U.S.C. § 216(b) (ECF No. 39) is **GRANTED** as follows:

1. The form of the parties' Notice attached as Exhibit A (ECF No. 39-1) is **APPROVED**.

2. The form of the parties' proposal for disseminating the Notice through First-Class mail with inclusion of an option for electronic signature is **APPROVED**.

3. The parties' proposal for Defendant Calfrac Well Services Corp. to provide the last four digits of the social security numbers of opt-ins whose Notices are returned as undeliverable (subject to the parties entering into a protective order) is **APPROVED**.

4. The parties' proposal for filing the opt-in consent forms is **APPROVED**. The opt-in forms will be filed en masse within seven days after the final day of the opt-in period. Plaintiffs will datestamp the opt-in forms as they are received. On every Friday of the opt-in period, Plaintiffs will provide opposing counsel with an updated list of individuals who have submitted opt-in forms. The operative date of the statute of limitations of the FLSA claims of opt-ins is the date on which their opt-in consent forms are datestamped.

Plaintiffs' counsel shall distribute the Notice forthwith upon receipt of the contact information for putative class members. Counsel for Plaintiffs shall notify the Court of the date of dispatch of said mailing. The parties shall file a joint proposed discovery plan for Phases 2 and 3 within fourteen (14) days after the close of the opt-in period. To the extent the parties disagree on any matter with regard to the discovery plan, they shall contemporaneously submit their respective position(s). A status conference to discuss the joint proposed discovery plan for Phases 2 and 3 will thereafter be scheduled.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Aaron Rihn, Esquire**
        E-mail: arilhn@peircelaw.com
        **Gary E. Mason**
        Email: gmason@wbmllp.com
        **Jason Rathod**
        Email: jrathod@wbmllp.com
        **Nicholas A. Migliaccio**
        Email: NMigliaccio@wbmllp.com


        **Terrence H. Murphy, Esquire**
        E-mail: tmurphy@littler.com
        **Mark T. Phillis, Esquire**
        E-mail: mphillis@littler.com
        **Morgan J. Matson**
        Email: mmatson@littler.com