IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD BLAND, JR. and DAVID RUPP, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                Plaintiffs,<br><br>v.<br><br>CALFRAC WELL SERVICES CORP. and CALFRAC WELL SERVICES LTD.,<br><br>                Defendants. | Civil Action No. 2:12-cv-01407<br><br>Judge Terrence F. McVerry<br><br>*Electronically Filed* |

## PROPOSED PRELIMINARY APPROVAL ORDER

Upon consideration of the Joint Motion for Preliminary Approval and its supporting exhibits, it is ORDERED:

1. The Court grants plaintiffs' request to file the proposed Second Amended Complaint, attached as Exhibit A to the Settlement Agreement, attached as Exhibit A to Declaration of D. Aaron Rihn, attached as Exhibit A to the joint motion for preliminary approval, and deems it filed.

2. Calfrac will not be required to answer or otherwise respond to the Second Amended Complaint until the date of the final approval or fairness hearing.

3. For purposes of settlement only, the Court preliminarily finds the following State Settlement Classes, consisting of the following individuals employed by defendant Calfrac Well Services Corp. ("Calfrac"), to meet the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and they are therefore conditionally certified:

    (a) Arkansas: all Field Operators, including Fracturing, Cement, and Coil Operators employed from July 31, 2011 through January 21, 2013;
    (b) Colorado: all Field Operators, including Fracturing, Cement, and Coil Operators employed from May 21, 2010 through January 21, 2013;

(c) Pennsylvania: all Field Operators, including Fracturing, Cement, and Coil Operators employed from September 27, 2009 through January 21, 2013; and
(d) North Dakota: all Field Operators, including Fracturing, Cement, and Coil Operators employed from July 31, 2012 through January 21, 2013.

4.  For purposes of settlement only, the Court certifies the following Federal Settlement Class: all individuals who filed consents to join this action under 29 U.S.C. § 216(b) and worked for Calfrac as a Field Operator during the three years prior to opting in to this action.

5.  The Court conditionally approves named plaintiffs Howard Bland, Jr. and David Rupp, and Justin Page, Mad Adam Danial Bomber and John Johnson as settlement class representatives.

6.  The Court conditionally appoints Nicholas A. Migliaccio of Migliaccio PLLC, Gary E. Mason and Jason S. Rathod of Whitfield Bryson & Mason LLP, and Robert F. Daley and D. Aaron Rihn of Robert Peirce & Associates, P.C. as Class Counsel.

7.  The proposed settlement set forth in the Settlement Agreement, attached as Exhibit A to Declaration of D. Aaron Rihn, attached as Exhibit A to plaintiffs' motion for preliminary approval, appears upon preliminary review to be fair, reasonable and adequate, negotiated and entered into at arm's length and in good faith, and within the range of possible judicial approval and therefore is preliminarily approved for consideration at a final approval or fairness hearing.

8.  RG/2 is approved as administrator of the claim and dispute resolution process described in the Settlement Agreement.

9.  The form and content of the Official Court Notice of Settlement of Collective and Class Action ("Notice") and of the Claim Form, attached as Exhibits C and D to the Settlement Agreement are approved.

10. The Court orders that, as provided in the Settlement Agreement, within 30 days of

this Order, Calfac shall provide RG/2 with a list of the name, last known address, e-mail address (when available by reasonable means), dates of employment with Calfrac, and number of hours over 40 worked in a workweek during the applicable class period(s) for each member of the conditionally-certified Federal Settlement Class and State Settlement Classes.  Within 30 days after RG/2 receives the list, RG/2 will mail and e-mail (when applicable) the Notice and Claim Form to class members.  Any member of the aforementioned settlement classes who wishes to participate in the settlement must execute and return a valid Claim Form to RG/2 within 180 days of the initial mailing of the Notice and Claim Form.  Any class member who wishes to object to the settlement must file with the Court and serve on the parties an objection describing the reasons for objecting at least 21 days before the final approval or fairness hearing.  Any members of the State Settlement Classes who wish to opt out of the Settlement must submit to RG/2 a request to opt out that includes their name and the Calfrac location at which they worked no later than 21 days before the final approval or fairness hearing. Members of the settlement classes shall submit claims, opt-out and lodge objections as set forth in the Notice and Claim Form.

    11.    A final approval or fairness hearing will be held on _____, 2015, at _____.m. in Courtroom 6C.  As provided in the Notice, this date and time may be changed without the necessity of further notice to the class members.

    12.    Under the authority of the All Writs Act, 28 U.S.C. § 1651(a), the Court enjoins all members of the Federal Settlement Class and State Settlement Classes from initiating any lawsuit and stays until final approval any pending lawsuits, asserting any claims pertaining to hours of work, overtime pay, or failure to pay overtime pay including claims that are or could be raised in the Second Amended Complaint against Calfrac on behalf of any member of the

Classes.

13.    Counsel for the parties are authorized to jointly use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making without further approval of the Court minor changes to the form or content of the Notice, and other exhibits that they jointly agree are reasonable or necessary.

SO ORDERED:

_____
Hon. Terrence F. McVerry
United States District Judge

Firmwide:134965002.2 073543.1001